# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re Local TV Advertising Antitrust Litigation | MDL No. 2867 |

# DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO MOTION FOR TRANSFER PURSUANT TO 28 U.S.C. SECTION 1407

**INTRODUCTION**

Defendants Sinclair Broadcast Group, Inc. ("Sinclair"), Tribune Media Company, Tribune Broadcasting Company, LLC (together with Tribune Media Company, "Tribune"), Gray Television, Inc., TEGNA Inc., Hearst Communications,[1] and Nexstar Media Group, Inc. (collectively, "Defendants") respectfully submit this memorandum in support of consolidation and transfer of all related cases. Consolidation and transfer will promote efficient pretrial administration of these cases, and we agree with plaintiff Clay, Massey & Associates, P.C. that the Northern District of Illinois has the capability and resources to preside over this type of multidistrict litigation. If the Panel chooses not to transfer this litigation to the Northern District of Illinois, we believe that the District of Maryland would also be an appropriate venue.

**BACKGROUND**

On July 27, 2018, the Law Office of Peter Miller, P.A. filed a complaint in the District of Maryland, alleging that Sinclair, Tribune, and other unnamed defendants conspired to share information and fix the prices of local television advertisement time. *Law Offices of Peter Miller, P.A.* v. *Sinclair Broadcast Group, Inc. et al.*, 18-cv-2316 (D. Md.). Three days later, Clay, Massey & Associates, P.C. filed a complaint in the Northern District of Illinois alleging that the Defendants conspired to share information and fix the prices of local television advertisement time. *Clay, Massey & Associates, P.C.* v. *Gray Television, Inc. et al.*, 18-cv-5197 (N.D. Ill.).

On July 31, Clay, Massey & Associates, P.C. filed a motion with the Judicial Panel on Multidistrict Litigation ("Panel") to transfer and coordinate or

---

[1] Plaintiff erroneously sued "Hearst Communications." This response is submitted by Hearst Television Inc., the correct entity.

1

consolidate both actions to the Northern District of Illinois.  Since then, three additional complaints, *Dozier Law Firm LLC* v. *Gray Television, Inc., et al.*, 18-cv-5392 (N.D. Ill.), *Forbes* v. *Gray Television, Inc., et al.*, 18-cv-5708 (N.D. Ill.), and *Gibbons Ford, LP* v. *Gray Television, Inc., et al*., 18-cv-5555 (N.D. Ill.), have been filed in the Northern District of Illinois, and one additional complaint, *Ford* v. *Sinclair Broadcast Group, Inc., et al.*, 18-cv-2372 (D. Md.), has been filed in the District of Maryland.  All six complaints (collectively, the "Related Actions") raise substantially similar factual allegations and legal claims.  No responsive pleadings or motions have been filed in any of the cases, no discovery has been taken, and no hearings have been held.

## ARGUMENT

**I.     CONSOLIDATION UNDER 28 U.S.C. § 1407 IS PROPER**

The Panel may transfer civil actions "for coordinated or consolidated pretrial proceedings" in a particular district when they "involve[e] one or more common questions of fact" and where such transfers "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."  28 U.S.C. § 1407(a).  The Related Actions meet these standards.

All six complaints involve substantially the same factual allegations.[2]  Each complaint asserts that Defendants conspired to fix the prices of local television advertising time in the United States in violation of Section 1 of the Sherman Act.[3]  The

---

[2]  While each complaint makes substantially the same factual allegations, we do not concede that a nationwide class action would be appropriate should these cases proceed.  Local television advertising is purchased on a designated market area ("DMA") basis, with different broadcast station owners and sales people active in each individual DMA.  Whether there has been a violation of Section 1 of the Sherman Act will therefore be a DMA-specific determination dependent on the facts peculiar to each DMA.

[3]  The complaints in *Ford* and *Law Office of Peter Miller, P.A* name only Sinclair and Tribune as defendants.  The complaints in the other four cases name all Defendants.

complaints also all assert claims on behalf of substantially the same putative class, consisting of all persons and entities who purchased advertisement time from Sinclair, Tribune or the other Defendants since at least 2016. These core commonalities across the Related Actions favor consolidation. *See, e.g.*, *In re German Auto. Mfrs. Antitrust Litig.*, 278 F. Supp. 3d 1373, 1374 (J.P.M.L. 2017); *In re Polychloroprene Rubber (CR) Antitrust Litig.*, 360 F. Supp. 2d 1348, 1350 (J.P.M.L. 2005); *In re Publication Paper Antitrust Litig.*, 346 F. Supp. 2d 1370, 1372 (J.P.M.L. 2004).

Transfer and consolidation of the Related Actions will also promote the just and efficient use of resources. Defendants intend to move to dismiss the complaints under Federal Rule of Civil Procedure 12(b)(6), as none of them alleges sufficient facts to establish an antitrust violation. Consolidation would allow for these pretrial motions to be briefed on a common schedule, while avoiding both the need for duplicative briefing and the risk of inconsistent adjudication that would arise from having multiple federal courts address common issues of federal law in the context of substantially identical pleadings. *See In re King Res. Co. Sec. Litig.*, 385 F. Supp. 588, 590 (J.P.M.L. 1974). If plaintiffs file an amended, consolidated complaint in a MDL proceeding, Defendants will evaluate their response at that time and address the allegations in a single court. Should the actions proceed beyond a motion to dismiss, pretrial consolidation would provide additional benefits by allowing Defendants to avoid multiple overlapping discovery requests and witness depositions addressing the same underlying events. *See, e.g.*, *In re Air Crash Disaster Near Chicago, Ill., on May 25, 1979*, 476 F. Supp. 445, 447 (J.P.M.L. 1979). Further, because each action presents substantially the same factual allegations, consolidation would avoid duplicative motion practice, based on overlapping documents

and testimony, as well as the potential for inconsistent rulings at the class certification and/or summary judgment stages. *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 844 F. Supp. 1553, 1554 (J.P.M.L. 1994). Consolidation also would help all parties, as well as the judiciary, to conserve resources by eliminating the need for parallel litigation in multiple districts before multiple judges. *See, e.g.*, *In re Union Pac. R.R. Co. Empl. Practices Litig.*, 314 F. Supp. 2d 1383, 1384 (J.P.M.L. 2004).

For these reasons, we support the motion to transfer these actions to a single forum for consolidated pretrial proceedings.

## II. THE NORTHERN DISTRICT OF ILLINOIS AND THE DISTRICT OF MARYLAND ARE APPROPRIATE FORUMS FOR CONSOLIDATED PROCEEDINGS

We agree with plaintiff Clay, Massey & Associates, P.C. that the Northern District of Illinois is an appropriate transferee forum. The Northern District of Illinois would provide a convenient forum for the parties and witnesses, since Tribune is headquartered in that district and it can be reached via multiple airports and railway. We anticipate that, consistent with the Panel's history, it will assign the consolidated MDL to a judge with the time and expertise to properly administer the MDL, and the Northern District of Illinois has considerable expertise in presiding over large, multidistrict antitrust litigations. *See, e.g.*, *In re Sulfuric Acid Antitrust Litig.*, 270 F. Supp. 2d. 1379, 1380 (transferring MDL to the Northern District of Illinois, in part because it has the resources to manage a multidistrict antitrust docket).

If the Panel chooses not to transfer the Related Actions to the Northern District of Illinois, we submit that the District of Maryland would be an appropriate forum as well. Like the Northern District of Illinois, the District of Maryland would be a convenient forum, as Sinclair is headquartered there, and it too has experience and

4

expertise in administering multidistrict antitrust litigation. *See, e.g.*, *In re Microsoft Corp. Windows Operating Sys. Antitrust Litig.*, No. 1332, 2000 WL 34448877, at *3 (J.P.M.L. Apr. 25, 2000) (finding that the District of Maryland has sufficient experience and expertise to administer a multidistrict antitrust litigation).

## **CONCLUSION**

Defendants respectfully request that the Panel transfer the Related Actions to the Northern District of Illinois or, as an alternative, the District of Maryland for consolidated pretrial proceedings.

Dated: August 21, 2018

| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | SHEARMAN & STERLING LLP |
|---|---|
| By: /s/ Jay Cohen | By: /s/ Jerome S. Fortinsky |
| Jay Cohen<br>William Michael<br>Daniel H. Levi<br>1285 Avenue of the Americas<br>New York, New York 10019-6064<br>Telephone: (212) 373-3000<br>Facsimile: (212) 757-3990<br>jaycohen@paulweiss.com<br>wmichael@paulweiss.com<br>dlevi@paulweiss.com<br><br>*Counsel for Defendants Tribune Broadcasting Company, LLC and Tribune Media Company* | Jerome S. Fortinsky<br>599 Lexington Avenue<br>New York, New York 10022-6069<br>Telephone: (212) 848-4000<br>Facsimile: (212) 848-7179<br>jfortinsky@shearman.com<br><br>Brian Hauser<br>401 9th Street, N.W.<br>Suite 800<br>Washington, DC 20004-2128<br>Telephone: (202) 508-8000<br>Facsimile: (202) 508-8100<br>brian.hauser@shearman.com<br><br>*Counsel for Defendant Sinclair Broadcast Group, Inc.* |
| KIRKLAND & ELLIS LLP | CRAVATH SWAINE & MOORE LLP |
| By: /s/ Eliot A. Adelson | By: /s/ Evan R. Chesler<br>A member of the firm |
| Eliot A. Adelson<br>Jacob H. Johnston<br>555 California Street, 29th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br>eliot.adelson@kirkland.com<br>jacob.johnston@kirkland.com<br><br>Peter M. McCormack<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>peter.mccormack@kirkland.com<br><br>*Counsel for Defendant Nexstar Media Group, Inc.* | Evan R. Chesler<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019<br>Telephone: (212) 474-1000<br>Facsimile: (212) 474-3700<br>echesler@cravath.com<br><br>*Counsel for Defendant Hearst Television Inc. (erroneously sued as Hearst Communications)* |

| JENNER & BLOCK LLP | COOLEY LLP |
|---|---|
| By: /s/ Ross B. Bricker | By: /s/ Mazda K. Antia |
| Ross B. Bricker<br>353 N. Clark St.<br>Chicago, IL 60654<br>Telephone: (312) 222-9350<br>Facsimile: (212) 527-0484<br>rbricker@jenner.com | Mazda K. Antia<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>Telephone: (858) 550-6400<br>Facsimile: (858) 550-6420<br>mantia@cooley.com |
| *Counsel for Defendant TEGNA Inc.* | John C. Dwyer<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>Telephone: (650) 843-5000<br>Facsimile: (650) 849-7400<br>dwyerjc@cooley.com |
| | J. Parker Erkmann<br>1299 Pennsylvania Ave., NW<br>Suite 700<br>Washington, D.C. 2004<br>Telephone: (202) 842-7800<br>Facsimile: (202) 842-7299<br>perkmann@cooley.com |
| | *Counsel for Defendant Gray Television, Inc.* |